Steven Kindall MOORE *v.* STATE of Arkansas

CR 94-222                                            882 S.W.2d 667

Supreme Court of Arkansas
Opinion delivered September 12, 1994

*Daniel D. Becker* and *Terri L. Harris*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Steven Kindall Moore, appeals a judgment of the Garland County Circuit Court convicting him of first degree murder and sentencing him to life

imprisonment in the Arkansas Department of Correction. He raises two points for reversal of the judgment which was entered pursuant to a jury verdict. First, he argues the trial court erred in allowing certain hearsay testimony. Second, he argues the trial court erred in refusing his proffered jury instruction on accomplice liability. Both arguments are without merit and we affirm the judgment.

As appellant does not challenge the sufficiency of the evidence, the facts need not be recited in detail. However, it is helpful to note that appellant was charged along with a co-defendant, Jeffery William Miller, with the first degree murder of Nicholas Benavidez. The evidence presented at trial revealed that Mr. Benavidez was shot and killed in the front yard of his home in Hot Springs at approximately 7:00 p.m. on June 8, 1993.

Appellant's first argument for reversal is that the trial court erred in allowing Teresa Interiano to testify as to what Mr. Benavidez told her about a visit he had from two men on the day he was murdered. Ms. Interiano testified that she, her baby, and her husband went to Mr. Benavidez's house to help install an air conditioner at approximately 6:00 p.m. on the evening of the murder. Ms. Interiano stated she knocked three times before Mr. Benavidez answered the door. According to Ms. Interiano, Mr. Benavidez was frightened and in hysterics when he answered the door and had a machete in one hand and a pistol in his pocket. Appellant interrupted Ms. Interiano's testimony at this point, making a hearsay objection. The trial court ruled Ms. Interiano's testimony established that the witness was upset, scared, and nervous so as to allow additional testimony under the excited utterance exception to the hearsay rule. Ms. Interiano then recounted that Mr. Benavidez described two men who entered his house, threw him so hard against a wall it left an indentation, and told him to stay home because they would be back. Appellant concedes in his brief that the descriptions given by Mr. Benavidez and recounted by Ms. Interiano match the descriptions of himself and his co-defendant.

Ms. Interiano continued her testimony by stating she contacted the Hot Springs Police from her parents' home, which was near Mr. Benavidez's home. Officer Richard Giles of the Hot Springs Police Department testified he arrived at Mr. Benavidez's

home at approximately 6:00 p.m. or 6:30 p.m. on June 8, 1993. Officer Giles stated Mr. Benavidez would not answer his questions, although he indicated he did not need assistance from the police. Ms. Interiano was present while the police questioned Mr. Benavidez. After the officers left, Ms. Interiano returned to her parents' home. Shortly thereafter, two men shot and killed Mr. Benavidez in his front yard.

Appellant argues the challenged testimony was not admissible as an excited utterance because there was no reference to the time lapse between the altercation with the men and the statements Mr. Benavidez made to Ms. Interiano. Appellant contends that if indeed the altercation occurred immediately prior to the statements, Mr. Benavidez would have recounted it to Officer Giles. Specifically, appellant contends Ms. Interiano did not testify as to the time the altercation or the startling event occurred.

▮ Our law on the excited utterance exception is well-settled:

> A statement relating to a startling event made while the declarant is under the stress of excitement caused by the event is not excluded by the hearsay rule. A.R.E. Rule 803(2). For the excited utterance exception to apply, there must be an event which excites the declarant. Also, the statements must be uttered during the period of excitement and must express the declarant's reaction to the event. *Smith* v. *State*, 303 Ark. 524, 798 S.W.2d 94 (1990).

> . . . .

> Borrowing from *United States* v. *Iron Shell*, 633 F.2d 77 (8th Cir. 1980), we stated the factors to consider in determining whether a statement is an excited utterance include (1) the age of the declarant, (2) the physical and mental condition of the declarant, (3) the characteristics of the event, and (4) the subject matter of the statement, *and we noted that the lapse of time between the startling event and the out-of-court statement, although relevant, is not dispositive of the application of the excited utterance exception to the hearsay rule.*

*Killcrease* v. *State*, 310 Ark. 392, 394-95, 836 S.W.2d 380, 381-

82 (1992) (emphasis added). It is within the trial court's discretion to determine whether a statement was made under the stress of excitement or after the declarant has calmed down and had an opportunity to reflect. *Marx* v. *State*, 291 Ark. 325, 724 S.W.2d 456 (1987).

■■ The testimony here indicated the adult declarant was assaulted and battered in his home on the day he was murdered by two men who threatened to return. This is without doubt a startling event as contemplated in Rule 803(2). The testimony also indicated the victim answered the door of his home later that day armed with a pistol and a machete. This is evidence the victim was still under the stress and excitement of the startling event. The declarant's statements to Ms. Interiano therefore satisfy the requirements of the excited utterance exception. We emphasize that the declarant's condition at the time he made or did not make any statements to Officer Giles is irrelevant to the declarant's condition when he made the statements to the witness, Ms. Interiano. There was no abuse of discretion in the trial court's decision. *See Killcrease*, 310 Ark. 392, 836 S.W.2d 380; *see also Smith* v. *State*, 303 Ark. 524, 798 S.W.2d 94.

Appellant's second argument for reversal is that the trial court erred in refusing to instruct the jury on a modified version of AMI Crim. 401 concerning accomplice liability. The court refused the proffered modified version and gave the actual AMI Crim. 401 as follows:

> In this case the State does not contend that Steven Kindall Moore acted alone in the commission of Murder in the First Degree. A person is criminally responsible for the conduct of another person when he is an accomplice in the commission of an offense.

> An accomplice is one who directly participates in the commission of an offense or who, with the purpose of promoting or facilitating the commission of an offense, solicits, advises, encourages or coerces the other person to commit the offense, or, aids, agrees to aid, or attempts to aid the other person in planning or committing the offense.

Appellant's proffered modified version of the instruction was as follows:

In this case the State does not contend that Steven Kindall Moore acted alone in the commission of the offense of Murder in the First Degree. A person is criminally responsible for the conduct of another person when he is an accomplice in the commission of an offense.

Causing a particular result is an element of first degree murder. A person is an accomplice in the commission of first degree murder if he has the purpose of promoting or facilitating the commission of that offense and he:

1. Solicits, advises, encourages or coerces the other person to engage in conduct resulting in the commission of murder in the first degree; or

2. Aids, agrees to aid or attempts to aid the other person in planning or engaging in the conduct that resulted in the commission of murder in the first degree.

You are advised that the term accomplice does not embrace one who had guilty knowledge or who is morally delinquent; mere presence, acquiescence, silence or knowledge that a crime is being committed, in the absence of some legal duty to act, concealment or knowledge or failure to inform officers of the law is insufficient to make one an accomplice as a matter of law.

Our law is well settled that when a trial court determines the jury should be instructed on an issue, the Model Criminal instruction *shall* be used unless the trial court concludes it does not accurately state the law. *Re: Arkansas Model Criminal Instructions*, 264 Ark. 967 (1979) (Per Curiam). Thus, it is not error for a trial court to refuse to give a proffered instruction over a model instruction when both may be correct statements of the law. *Conley* v. *State*, 270 Ark. 886, 607 S.W.2d 328 (1980). Moreover, a trial court cannot modify a model instruction unless it is clear that the model instruction incorrectly applies the law to the facts. *Id.; Meador* v. *State*, 10 Ark. App. 325, 664 S.W.2d 878 (1984).

Appellant argues that AMI Crim. 401 was an incomplete statement of the law essentially because it did not include the last paragraph of his proffered instruction. *See e.g. Ford* v.

*State*, 296 Ark. 8, 753 S.W.2d 258 (1988). It would be a practical impossibility for the trial court to instruct the jury on the type of conduct that does *not* give rise to accomplice liability.

Appellant argues further that because there was conflicting testimony as to how the murder actually occurred, the trial court was required to give the proffered version. The AMI Crim. 401 given in this case was a correct and complete statement of the law on accomplice liability. *Campbell* v. *State*, 294 Ark. 639, 746 S.W.2d 37 (1988); Ark. Code Ann. § 5-2-403 (Repl. 1993). There was evidence that appellant aided in or facilitated the commission of the murder as his truck was used to transport both defendants to the crime scene. Furthermore, there was evidence indicating appellant actually fired shots at the victim. The AMI Crim. 401 was therefore applicable to the facts of this case and the trial court did not err in refusing the proffered instruction and giving the AMI Crim. 401.

In accordance with Ark. Sup. Ct. R. 4-3(h) and Ark. Code Ann. § 16-91-113(a) (1987), we have examined the record and determined there were no rulings prejudical to appellant.

The judgment is affirmed.