Robert LEWIS, Jr. *v.* STATE of Arkansas

CA CR 00-1031 48 S.W.3d 535

Court of Appeals of Arkansas
Division II
Opinion delivered May 30, 2001

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender.

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

L ARRY D. VAUGHT, Judge. Appellant was convicted of rape and sentenced to fifteen years in the Arkansas Department of Correction. On appeal, he contends that the trial court erred in allowing the State to introduce the child victim's statement about the incident through her mother, pursuant to the excited–utterance exception to the hearsay rule. Although we agree that the statement is inadmissible, we affirm because the error was harmless.

The State charged appellant with rape in violation of Ark. Code Ann. § 5-14-103 (Repl. 1997), alleging that on May 2, 1999, appellant engaged in sexual intercourse or deviate sexual activity with E.W., who was less than fourteen years old. A nonjury trial was held on May 8, 2000. The State called three witnesses at trial — Darlene Richards, Dr. James Nesmith, and Detective Mike Shepard. The State called the victim to testify; however, she became upset and was excused before the court ruled on her competency.

Darlene Richards, E.W.'s mother, testified that E.W. was five years old at the time of the alleged incident. She stated that on May 2 or 3, 1999, she left her two children in appellant's care while she went to do laundry. When she arrived home, she noticed E.W. leaving her bedroom. At first, Richards thought nothing of it but then began to wonder why E.W. was leaving her bedroom. She then asked appellant, her live-in boyfriend, about E.W.'s leaving her bedroom, and he said that he had been disciplining her. Richards testified that she thought E.W. was acting strange, so the following day she asked E.W. whether anything was wrong or whether anybody "mess[ed]" with her.

Appellant's counsel objected to Richards's testimony on the basis of hearsay about what E.W. said in response to her mother's questioning. The trial court overruled the objection, stating that it was within the excited utterance exception. Richards stated that E.W. eventually told her that something happened, but that she was crying and did not say anything at first because she was so scared. Richards testified that when she asked E.W. whether someone was "messing with her," E.W. responded affirmatively and gave Robert's name. Richards recalled that E.W. was looking down and crying, and kept repeating, "He did it." Richards testified that E.W. said that "he got his thing and put it in her." Richards confronted appellant the same day. While he first denied doing anything, appellant admitted to "committing this incident" the second time Richards confronted him, as she threatened him with a knife. Richards then took E.W. to the hospital and notified the police. Richards also testified that she had spanked E.W. the day before the alleged incident and that E.W. had a habit of lying like "every kid has a habit of lying."

Dr. James Nesmith, a physician at Arkansas Children's Hospital, testified that he examined E.W. on May 3, 1999. Dr. Nesmith testified that he found bruises over the lower part of the her body. The bruises were on the buttocks, thighs, and groin area. In addition, Dr. Nesmith testified that there was a bruise on the right labia

majora of the vaginal area, which could be consistent with sexual abuse. Dr. Nesmith stated that the bruises on the buttocks could be consistent with a child that had been spanked. On cross-examination, the doctor testified that he usually requests a history before performing the examination and did not recall receiving a history of anal penetration. Dr. Nesmith found no indication of rectal penetration.

The last witness called by the State was Mike Shepard, a juvenile sex-crimes detective in North Little Rock. Shepard stated that he first came into contact with appellant on May 18. Shepard read appellant his Miranda rights and went over them with him. Shepard took a taped statement from appellant, and appellant never asked him to stop and never requested counsel. Shepard testified that there was no indication that appellant's statement was not completely voluntary. Shepard stated that appellant told him about the incident involving E.W. Appellant explained that when he was watching E.W. and her younger brother, the children began to fight. Appellant ordered them to stop fighting and to sit down, which they did for a short time. Appellant told Shepard that after the children began fighting again, he took E.W. to the bedroom and told her to pull her pants down, and he stuck his penis in her buttocks. Appellant stated to Shepard that it did not happen very long because E.W.'s mother returned home, so he pulled up E.W.'s pants and sent her back in the living room. Shepard also testified that during his interview of appellant, appellant expressed a desire to get help. At trial, Shepard read from appellant's statement wherein he said:

> Then hitting her, even though he is young, he is one, so she — well then, I told her to get in the bed, bend over, and I pulled down her pants and panties down, and I inserted by [sic] penis into her anus. I didn't do it long enough. I don't recall doing it long enough for semen to come out. Soon I heard the door open. I hurried up. I pulled up her clothes back up, her pajamas and panties back on her and hurried up, and put my penis back in my pants.

At the close of the evidence, appellant's counsel moved for directed verdict on the grounds that the State failed to prove penetration and that the State failed to corroborate appellant's confession. The trial court denied the motion for directed verdict and found appellant guilty of rape. Appellant was sentenced to fifteen years in the Arkansas Department of Correction. From that conviction, comes this appeal. Appellant contends that the trial court

erred in allowing the victim's mother to testify, pursuant to the excited-utterance exception to the rule against hearsay, about statements her child made to her about the alleged incident. Appellant argues that the State failed to establish that the statements met the criteria for admission under this exception.

 A trial court's ruling on matters pertaining to the admission of evidence is within the discretion of the trial court and will not be set aside absent abuse of discretion. *Jameson v. State*, 333 Ark. 128, 970 S.W.2d 785 (1998). Rule 803(2) of the Arkansas Rules of Evidence provides that excited utterances are excepted from the hearsay rule. An excited utterance is defined as a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." The supreme court recently addressed the excited-utterance exception:

> In *United States v. Iron Shell*, 633 F.2d 77 (8th Cir. 1980), the federal court of appeals listed several factors to consider when determining if a statement falls under this exception: the lapse of time (which is relevant, but not dispositive), the age of the declarant, the physical and mental condition of the declarant, the characteristics of the event, and the subject matter of the statement. In addition, "[i]n order to find that 803(2) applies, it must appear that the declarant's condition at the time was such that the statement was spontaneous, excited or impulsive rather than the product of reflection and deliberation." *Iron Shell*, 633 F.2d at 85-86.

> This court adopted these factors in *Moore v. State*, 317 Ark. 630, 882 S.W.2d 667 (1994), where we also said that, "[f]or the . . . exception to apply, there must be an event which excites the declarant. Also, the statements must be uttered during the period of excitement and must express the declarant's reaction to the event." *Moore*, 317 Ark. at 633. We added that it is within the trial court's discretion to determine whether a statement was made under the stress of excitement or after the declarant has calmed down and had an opportunity to reflect. *Id.* at 634 (citing *Marx v. State*, 291 Ark. 325, 724 S.W.2d 456 (1987)).

*Fudge v. State*, 341 Ark. 759, 768, 20 S.W.3d 315, 320 (2000), *cert. denied*, 121 S. Ct. 585 (2000). The mere fact that the declarant makes a statement in response to questioning is not determinative of whether they are the product of the event. *See Jackson v. State*, 290 Ark. 375, 720 S.W.2d 282 (1986). In addition to the above factors, the supreme court has followed the trend toward expansion of the time interval after an exciting event when the declarant is a child.

*See Smith v. State*, 303 Ark. 524, 798 S.W.2d 94 (1990). *See also Johnson v. State*, 326 Ark. 430, 934 S.W.2d 179 (1996), *cert. denied*, 520 U.S. 1242 (1997).

 The statements in this case were made the day after the event, and after questioning by the mother. While these facts are indications that the child was no longer under the influence of the incident and must be considered in determining admissibility, they alone are not dispositive. The most significant element of an excited utterance is that it is a statement made "under the stress of excitement." The evidence must reflect that the statement was spontaneous, excited, or impulsive as a direct product of the event itself. Based on the evidence in this case, we conclude that allowing this hearsay testimony as an excited utterance was an abuse of discretion because the facts do not establish that E.W.'s statement was spontaneous, excited, or impulsive, as opposed to the product of reflection and deliberation.

██ Finding the statement inadmissible, however, does not conclude our analysis. An evidentiary error may be declared harmless if the error is slight, and the remaining evidence of a defendant's guilt is overwhelming. *Green v. State*, 59 Ark. App. 1, 953 S.W.2d 60 (1997). This court has repeatedly held that prejudice is not presumed and no prejudice results where the evidence erroneously admitted was merely cumulative. *Gaines v. State*, 340 Ark. 99, 8 S.W.3d 547 (2000). Appellant's confession, if corroborated, would present overwhelming evidence of his guilt, rendering the inadmissible statement of E.W. cumulative and harmless. However, appellant contends that in the absence of this hearsay testimony, there was not sufficient corroboration of appellant's out-of-court confession to support his conviction. We disagree.

██ Arkansas Code Annotated section § 16-89-111(d) (1987) provides that a "confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the offense was committed." In *Tinsely v. State*, 338 Ark. 342, 345, 993 S.W.2d 898, 900 (1999), the supreme court stated:

> This requirement for other proof, sometimes referred to as the corpus delicti rule, mandates only proof that the offense occurred and nothing more. *Mills v. State*, 322 Ark. 647, 910 S.W.2d 682 (1995). In other words, under the corpus delicti rule, the State must prove (1) the existence of an injury or harm constituting a crime and (2) that the injury or harm was caused by someone's

criminal activity. *Ferrell v. State*, 325 Ark. 455, 929 S.W.2d 697 (1996). It is not necessary to establish any further connection between the crime and the particular defendant. *Rucker v. State*, 320 Ark. 643, 899 S.W.2d 447 (1995). Accordingly, we must determine whether, setting aside Appellant's confession, the evidence demonstrates that the crime of rape was committed by someone.

Arkansas Code Annotated section 5-14-103 provides that a "person commits rape if he engages in sexual intercourse or deviate sexual activity with another person . . . [w]ho is less than fourteen (14) years of age. . . ." "Sexual intercourse" is defined as "penetration, however slight, of the labia majora by a penis." Ark. Code Ann. § 5-14-101(8) (Repl. 1997). "Deviate sexual activity" is defined as "any act of sexual gratification involving: (A) The penetration, however slight, of the anus or mouth of one person by the penis of another person; or (B) The penetration, however slight, of the labia majora or anus of one person by any body member or foreign instrument manipulated by another person." Ark. Code Ann. § 5-14-101(1).

▪ Dr. Nesmith, the physician who examined E.W. the day after the incident, testified that he found bruises over the lower part of the body. The bruises were on the buttocks, thighs, and groin area. In addition, Dr. Nesmith testified that there was a bruise on the right labia majora of the vaginal area, which could be consistent with sexual abuse. As the State points out, penetration may be proven by circumstantial evidence. " 'Penetration can be shown by circumstantial evidence, and if that evidence gives rise to more than a mere suspicion, and the inference that might reasonably have been deduced from it would leave little room for doubt, that is sufficient.' " *Tinsley v. State*, 338 Ark. 342, 346, 993 S.W.2d 898, 900 (1999) (citations omitted). Dr. Nesmith testified that E.W.'s labia majora was bruised. Based on the facts of this case, we find that the medical evidence in this case was sufficient to corroborate the appellant's confession.

▪ Appellant's corroborated and unchallenged confession, along with the medical evidence, is overwhelming evidence of his guilt. In this case, the appellant confessed to both the victim's mother and to the police. The inadmissible statement of the victim is merely cumulative to the appellant's confession. Based on the foregoing facts, we find the trial court's admission of E.W.'s statement is harmless error.

Affirmed.

GRIFFEN and ROAF, JJ., agree.