Josephine Linker Hart, Justice, concurring. I agree that this case should be affirmed. However, in my view, the victim’s hearsay statement made to Stuttgart fire department EMT David Payan was admissible under a different hearsay exception: Rule 803(4) of the Arkansas Rules of Evidence, Statements for Purposes of Medical Diagnosis or | uTreatment. The rule states: The following are not excluded by the hearsay rule, even though the declarant is available as a witness: [[Image here]] (4) Statements for Purposes of Medical Diagnosis or Treatment. Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensation, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment. This rule expressly contemplates a response to questions whereas the excited utterance exception stated in Rule 803(2) of the Arkansas Rules of Evidence does not.[1] In Flores v. State, 348 Ark. 28, 69 S.W.3d 864 (2002), this court adopted a two-part test first promulgated by the Eighth Circuit in United States v. Iron Shell, 633 F.2d 77 (8th Cir. 1980). The two-part test is as follows: (1) is the declar-ant’s motive consistent with the purpose of the rule; and (2) is it reasonable for the physician to rely on the information in diagnosis or treatment. Flores, 348 Ark. at 43, 69 S.W.3d at 874. The Flores test, as applied to the facts of this case, supports the admission of the victim’s statement. When the statement was made, David Payan had just provided emergency treatment to the victim’s most obvious injury, a gunshot wound. Obviously, it was necessary for Payan to determine whether were other, less obvious injuries requiring attention. The | ^victim’s response that his gunshot wound was not the result of an altercation in which he suffered other trauma was important information. In making his statement, the victim conveyed that he had no other injuries, and Payan reasonably did not conduct further examination before transporting the victim to the hospital. Significantly, the victim did not identify the perpetrator, nor was he asked to do so. Cf. Flores, supra. It is the practice of this court not to reverse an evidentiary ruling by a circuit court when it uses the wrong reason to reach the right result. Dandridge v. State, 292 Ark. 40, 727 S.W.2d 851 (1987). Accordingly, I concur. . I am mindful of the the mere fact that a response to a direct question does not, per se, make the excited-utterance exception inapplicable; however, in Rodriguez v. State, 372 Ark. 335, 337-38, 276 S.W.3d 208, 211 (2008), this court required, in addition to a startling event, that it must appear that the declarant’s condition at the time was such that the statement was spontaneous, excited or impulsive rather than the product of reflection and deliberation, and the statement must express the declarant's reaction to the event. Here, the victim was describing the extent of his altercation with Hicks.