Cite as 2021 Ark. App. 60

# ARKANSAS COURT OF APPEALS
DIVISION III
**No.** CR–20–119

| | |
|---|---|
| VINCENT N. LUDWICK<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** February 10, 2021<br><br>APPEAL FROM THE MADISON COUNTY CIRCUIT COURT [NO. 44CR-18-111]<br><br>HONORABLE MARK LINDSAY, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## RITA W. GRUBER, Judge

A Madison County jury convicted Vincent Ludwick of kidnapping and aggravated assault of a family member and sentenced him to serve ten years' imprisonment and to pay a $7000 fine. Pursuant to Arkansas Supreme Court Rule 4-3(k) and *Anders v. California*, 386 U.S. 738 (1967), appellant's counsel has filed a motion to withdraw stating that there is no merit to an appeal. The motion is accompanied by a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court served appellant with a copy of counsel's brief and notified him of his right to file a pro se statement of points for reversal within thirty days, but he has not done so. Our review of the record reveals that counsel's no-merit brief is not in compliance with *Anders* and Rule 4-3(k). Accordingly, we order rebriefing and deny counsel's motion to withdraw without prejudice.

Appellant was arrested in the early evening on June 9, 2018, after an incident involving his wife. He was initially charged with aggravated assault of a family member, a Class D felony. An amended information was later filed adding the charges of terroristic threatening, a Class D felony; and kidnapping, a Class Y felony. The amended information also included a habitual-offender enhancement.

A jury trial took place on July 31, 2019. The jury found appellant guilty of kidnapping and aggravated assault of a family member and sentenced him, as a habitual offender, to serve ten years' imprisonment for the kidnapping conviction and to pay a $7000 fine for the aggravated-assault-of-a-family-member conviction. A timely notice of appeal followed the July 31, 2019 sentencing order.

Rule 4–3(k) requires the argument section of a no-merit brief to contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests . . . with an explanation as to why each . . . is not a meritorious ground for reversal." The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Vail v. State*, 2019 Ark. App. 8, at 2. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160. A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1), and rebriefing will be required. *Riley v. State*, 2019 Ark. 252, at 2.

Appellant's counsel adequately addresses two adverse rulings made during trial. However, our review of the record revealed that counsel failed to address the circuit court's grant of a no-contact order prior to trial and the denial of appellant's request during sentencing "for 24 hours before he has to turn himself in to get his affairs in order."

The deficiencies we have noted should not be considered an exhaustive list, and counsel is strongly encouraged to review *Anders* and Rule 4–3(k) of the Arkansas Rules of the Supreme Court and Court of Appeals for the requirements of a no-merit brief. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. *See* Ark. Sup. Ct. R. 4-2(b)(3). After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to appellant, and he will have thirty days within which to raise pro se points in accordance with Rule 4–3(k). The State will be given an opportunity to file a responsive brief if pro se points are made.

Rebriefing ordered; motion to withdraw denied.

WHITEAKER and VAUGHT, JJ., agree.

*King Law Group, PLLC*, by: *W. Whitfield Hyman*, for appellant.

One brief only.