Cite as 2021 Ark. App. 347

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR–20–119

| | |
|---|---|
| VINCENT N. LUDWICK<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** September 22, 2021<br><br>APPEAL FROM THE MADISON COUNTY CIRCUIT COURT [NO. 44CR-18-111]<br><br>HONORABLE MARK LINDSAY, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED WITH INSTRUCTIONS |

## RITA W. GRUBER, Judge

A Madison County jury convicted Vincent Ludwick of kidnapping and aggravated assault of a family member and sentenced him to serve ten years' imprisonment and to pay a $7000 fine. Pursuant to Arkansas Supreme Court Rule 4–3(k) and *Anders v. California*, 386 U.S. 738 (1967), appellant's counsel has filed a motion to withdraw stating that there is no merit to an appeal.[1] The motion is accompanied by a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court served appellant with a copy of counsel's brief and notified him of his right to file a pro se statement

---

[1]This is the second time this no-merit appeal has been before us. In the first appeal, we held that appellant's counsel's brief failed to comply with Arkansas Supreme Court Rule 4–3(k) (2020) and ordered rebriefing. *See Ludwick v. State*, 2021 Ark. App. 60. Appellant's counsel has now filed a compliant brief.

of points for reversal within thirty days, but he has not done so. We affirm appellant's convictions and grant counsel's motion to withdraw. In addition, we remand with instructions to correct two clerical errors in the sentencing order.

The testimony at trial indicated that appellant was arrested in the early evening on June 9, 2018, after an incident involving his wife, Rhonda Ludwick. Earlier in the day when appellant was coming off being high, he asked his wife for money, but she responded that she did not have any. He became angry when she returned later in the day with groceries because he thought she had lied to him. Rhonda left their home and went to appellant's grandmother's house after he began cussing, screaming, and calling her names. Appellant followed her to his grandmother's house and "caught" Rhonda in the yard, grabbed her by the hair, and yanked her around. He pushed her down onto the ground and held her by the throat. Appellant's grandmother came outside after she heard the commotion, but appellant told her to go inside or he would "put" her inside. She went inside and called the sheriff's department.

Appellant grabbed Rhonda by the arm, yanked her off the ground, dragged her to the car, and put her inside the car. He told her, "[D]on't get out." When appellant was driving, he continued to scream and cuss, punched the dashboard, yanked off the rearview mirror, and broke the windshield. When Rhonda told him she wanted to go home, he put his hands over her nose and mouth, which made her unable to breathe. At one point, he was driving down the road really fast and told Rhonda that he was going to kill them both. She begged him not to and was able to convince him to turn around. As he headed back toward his trailer, he indicated to her that he could not let her leave and that he was going to have

2

to take her to the field and "do away with her." Rhonda thought he was going to kill her. The sheriff's deputies arrived at the home just after appellant had pulled into the driveway. The officers observed that Rhonda was scared, upset, crying, and had redness around the side of her face and on her throat. Appellant was arrested and charged with aggravated assault of a family member, a Class D felony. An amended information was later filed adding the charges of terroristic threatening, a Class D felony, and kidnapping, a Class Y felony. The amended information also included a habitual-offender enhancement.

A jury trial took place on July 31, 2019. The jury found appellant guilty of kidnapping and aggravated assault of a family member but acquitted him of terroristic threatening. He was sentenced as a habitual offender for the kidnapping conviction to serve ten years' imprisonment but only fined $7000 for the aggravated-assault-of-a-family-member conviction. A timely notice of appeal followed the July 31, 2019 sentencing order.

Rule 4–3(k) requires the argument section of a no-merit brief to contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests . . . with an explanation as to why each . . . is not a meritorious ground for reversal." The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Vail v. State*, 2019 Ark. App. 8, at 2. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160.

3

The first adverse ruling occurred when the court granted a no-contact order prior to trial prohibiting appellant from contact with the victim. Counsel states that the grant of this order would not provide a meritorious ground for reversal. We agree. Under Arkansas Code Annotated section 16-85-714(b) (Supp. 2021), a court may grant a no-contact order if it appears that there exists a danger that a defendant will commit a serious crime, seek to intimidate a witness, or otherwise unlawfully interfere with the orderly administration of justice. Here, the motion for the no-contact order was requested and entered because appellant had "frequently" contacted the victim against her wishes in an attempt to convince her to change her testimony to be favorable to him.

Counsel next addresses two adverse rulings that occurred during trial, both of which pertained to the admissibility of evidence.[2] The first one involved appellant's hearsay and confrontation-clause objections when the State asked Officer Roddy about what the victim said when they made contact with her. The court overruled appellant's objections, stating that there was no violation of the confrontation clause because the victim would be testifying and that appellant would have the opportunity to confront her then. Further, the court ruled that the statement was either an excited utterance or a present-sense impression.

Matters pertaining to the admissibility of evidence are left to the sound discretion of the circuit court, and this court will not reverse absent an abuse of discretion. *Bates v. State*, 2017 Ark. App. 123, at 6–7, 516 S.W.3d 275, 279. Abuse of discretion is a high threshold

---

[2]We note that counsel did not discuss the sufficiency of the evidence or alert us to the fact that a sufficiency argument is not preserved. Trial counsel failed to move for directed verdict; therefore, sufficiency is not preserved under Rule 33.1 of the Arkansas Rules of Criminal Procedure. As such, there is no adverse ruling to review. *See, e.g.*, *Baker v. State*, 2011 Ark. App. 480.

4

that does not simply require error in the circuit court's decision but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Wheaton v. State*, 2021 Ark. App. 281.

Although hearsay is generally not admissible pursuant to Rule 802 of the Arkansas Rules of Evidence, Rule 803 provides exceptions for both a present-sense impression and an excited utterance even though the declarant is available as a witness. A present–sense impression is "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Ark. R. Evid. 803(1). An excited utterance is a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Ark. R. Evid. 803(2).

Whether a declarant makes statements in response to questions is not dispositive of whether they are the product of the exciting event. *Bates*, 2017 Ark. App. 123, at 7 (citing *Lewis v. State*, 74 Ark. App. 61, 66, 48 S.W.3d 535, 539 (2001)). The relevant inquiry is whether the statement was made under the stress of excitement or was made after the declarant calmed down and had an opportunity to reflect, which is a matter within the circuit court's sound discretion. *Id.* (citing *Fudge v. State*, 341 Ark. 759, 769, 20 S.W.3d 315, 320 (2000)). Admissibility is not to be measured by any precise number of minutes, hours, or days but requires that the declarant is still under the stress and excitement caused by the event. *Id.* (citing *Pennington v. State*, 24 Ark. App. 70, 74, 749 S.W.2d 680, 682 (1988)).

We agree with counsel that the admission of Officer Roddy's testimony would not be a meritorious issue on appeal. Here, the victim's statements to Officer Roddy about what appellant said to her came immediately after the event leading to appellant's arrest, and Roddy indicated that that the victim was scared, upset, and crying. In addition, there was no confrontation-clause violation because the victim testified at trial; thus, appellant was not denied the opportunity to confront his accuser.

The next adverse ruling occurred when the circuit court overruled in part appellant's objection when the State questioned appellant's grandmother on cross-examination during sentencing. Here, the defense sought to limit the State's cross-examination of appellant's grandmother about specific instances of bad conduct. The State argued that the defense opened the door during direct examination. The court agreed but limited the State's inquiry to bring out specific incidents that she had with him. When a defendant opens the door to issues of character, the State is entitled to rebut those issues of character. *King v. State*, 338 Ark. 591, 599, 999 S.W.2d 183, 187 (1999). Counsel submits that this would not be a meritorious issue on appeal, and we agree.

Next, counsel addresses the court's ruling that allowed a juror to remain on the jury panel. The juror disclosed to the court after the victim had testified that he knows her and had once been related to her by marriage. However, the colloquy set out by counsel indicates that this is not an adverse ruling because appellant's counsel agreed, as did the State, that the juror could remain on the jury panel.

Finally, the last adverse ruling is the denial of appellant's request for twenty-four hours to get his affairs in order. After the court asked if the appellant had anything to say

6

before he was sentenced, his counsel indicated that appellant was requesting twenty-four hours to get his affairs in order. The State responded that the case had been set since May, and he therefore had ample opportunity to do so. The circuit court agreed, denied the request, and pronounced the sentence. It is the court's function to impose a sentence, and it is the court's obligation to exercise its discretion in the imposition of that sentence. *Brown v. State*, 82 Ark. App. 61, 68, 110 S.W.3d 293, 298 (2003) (citing *Rodgers v. State*, 348 Ark. 106, 71 S.W.3d 579 (2002); *Blagg v. State*, 72 Ark. App. 32, 31 S.W.3d 872 (2000)). Here, the circuit court, in denying appellant's request, agreed that the trial had been set for at least two months, and appellant had time to get his affairs in order prior to trial. We agree with counsel that the denial of the request to delay sentencing would not be a meritorious ground for reversal.

The test for filing a no-merit brief is not whether there is any reversible error but whether an appeal would be wholly frivolous. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160. From our review of the record and the brief presented, we conclude that counsel has complied with *Anders* and Rule 4–3(k) and hold that the appeal is without merit. We therefore grant counsel's motion to withdraw and affirm the convictions.

We further remand the case to the circuit court for the limited purpose of entering an amended sentencing order that corrects two clerical errors. Our supreme court has stated that when there is obvious clerical error, a circuit court has jurisdiction to correct the error by a judgment nunc pro tunc. *Mohammed v. State*, 2017 Ark. 101, at 4, 513 S.W.3d 847, 850. On the July 31, 2019 sentencing order, the box to reflect the class of the felony is not

checked for either offense number two (terroristic threatening) or offense number three (aggravated assault of a family member).

Affirmed; motion to withdraw granted; remanded with instructions.

WHITEAKER and VAUGHT, JJ., agree.

*King Law Group, PLLC*, by: *W. Whitfield Hyman*, for appellant.

One brief only.