MARCELLUS A. SMITH *v.* STATE OF ARKANSAS

5275                                              418 S. W. 2d 627

Opinion delivered September 11, 1967
[Rehearing denied October 16, 1967.]

*Allan Dishongh* and *Harry Robinson,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant was convicted of involuntary manslaughter alleged to have been committed on September 5, 1964. The information charged that Audrey Marie Barnes died as the result of having been struck by an automobile being driven by appellant Smith in reckless, willful and wanton disregard for the safety of others.

The State offered evidence tending to show that appellant was under the influence of intoxicating liquors at the time of the collision from which the death of Audrey Marie Barnes resulted. The evidence on behalf of the State included the testimony of Officer Gachot of the Little Rock Police Department regarding the results of a "Breathalyzer" test given appellant. This test was administered within a reasonably short time after the collision for the purpose of determining the alcoholic content of appellant's breath.

As a basis for reversal appellant contends that the trial court committed error in allowing the officer to testify regarding the test and its results. It is further contended that the trial judge committed error in mak-

ing the following statement in the presence of the jury after an objection by appellant's attorney:

"I will sustain you on that last objection, as far as that goes, but I am going to hold this man is competent to give these tests. He has given thousands of them. Go ahead."

In support of appellant's first ground for reversal he contends that the results of the test were inadmissible because the State failed to show that the test was a chemical analysis made by a method approved by the Director of the State Board of Health and/or the Director of Arkansas State Police as required by the provisions of Ark. Stat. Ann. § 75-1031.1 (Supp. 1963). We think that such a showing is a part of the foundation to be laid for the introduction of the results of such tests or analyses. At the time the result of the test was offered in evidence, appellant made no specific objection to its introduction because of this deficiency. At that time there was a general objection and a specific one. The latter was only upon the ground that the witness was not qualified, was incompetent to testify upon the workings of the machine and had no special training to operate it. Obviously, the specific objection had nothing to do with the lack of proof of the required approval of the method. A general objection ordinarily is sufficient to raise questions as to the competency or relevancy of testimony, but it does not reach the absence or insufficiency of the foundation necessary or appropriate for its introduction because it fails to apprise the court of the deficiency or give the adverse party an opportunity to supply it. *Vaughan* v. *State,* 58 Ark. 353, 24 S. W. 885; *Western Union Telegraph Co.* v. *Alford,* 110 Ark. 379, 161 S. W. 1027, 50 LRA 94 (ns); *Linn-McCabe Co.* v. *Williams,* 116 Ark. 307, 172 S. W. 895.

The only time when any question was raised as to the failure of the State to show that the "Breathalyzer" test was a method approved by proper authority was in

appellant's objection to the giving of an instruction advising the jury of the rebuttable statutory presumption that appellant was under the influence of intoxicating liquors if there was 0.15 per cent, or more, by weight of alcohol in appellant's breath. This was too late. *Warren* v. *State*, 103 Ark. 165, 146 S. W. 477.

The second ground for reversal is based upon the contention that the trial court erred in holding that the witness was a competent operator of the machine, qualified to testify as to the results of the test. Neither the propriety of the procedure followed, the operating order of the equipment, or the condition of the materials used in making the test was questioned.

It seems to be conceded that the qualification of the operator is one of the necessary components of a proper foundation for the introduction of the results of such a test. See *Stacy* v. *State*, 228 Ark. 260, 306 S. W. 2d 852. Officer Gachot testified that he had been operating the machine as a part of his duties for three and a half years and couldn't count the number of sobriety tests he had given. He supposed that he had given hundreds and hundreds of them. He briefly outlined the operation of the machine, admitting that he did not know how the "inside" worked. He said that he did know how to work it and had been to school to learn to operate it.

The qualifications of a witness, the competency of whose testimony depends on his skill in a particular field, are largely within the discretion of the trial judge. His determination will not be disturbed by this court except in extreme cases where there is manifest error or abuse of discretion resulting in prejudice to the complaining party, even though this court might have decided differently. *Roark Transportation, Inc.* v. *Sneed,* 188 Ark. 928, 68 S. W. 2d 996; *Ratton* v. *Busby,* 230 Ark. 667, 326 S. W. 2d 889, 76 ALR 2d 751; *Fireman's Ins. Co.* v. *Little,* 189 Ark. 640, 74 S. W. 2d 777; *Lee* v. *Crittenden County,* 216 Ark. 480, 226 S. W. 2d 79; *Arkansas*

*Power & Light Co.* v. *Morris,* 221 Ark. 576, 254 S. W. 2d 684. While we think that the testimony as to the qualification of this officer was minimal, we are unwilling to say that there was any abuse of discretion in admitting the evidence of the test on this ground.

Affirmed.

BYRD, J., not participating.