## Gyronne BUCKLEY v. STATE of Arkansas

CR 01-644　　　　　　　　　　　　　　　48 S.W.3d 534

Supreme Court of Arkansas
Opinion delivered July 9, 2001

*Jack Lassiter*, for appellant.

*Appellant, pro se.*

No response.

PER CURIAM. Appellant, Gyronne Buckley, was convicted of two counts of delivery of a controlled substance in Clark County Circuit Court on May 26, 1999. Appellant received two life sentences in that trial. His sentences were reversed by this court in *Buckley v. State*, 341 Ark. 864, 20 S.W.3d 331 (2000), and we

remanded the case for resentencing. Upon remand, appellant was resentenced by a jury to twenty-eight years on each count to run consecutively. On April 16, 2001, the trial court filed its order, and a notice of appeal was timely filed on April 20, 2001.

On June 7, 2001, appellant's counsel filed a motion to withdraw as attorney of record and lodged a partial record. In his motion, appellant's counsel states that he seeks permission to be relieved as attorney of record in this case, as appellant and his counsel have reached irreconcilable differences concerning the sentencing stage of his trial. On June 19, 2001, and on June 21, 2001, appellant filed *pro se* responses to his counsel's motion to withdraw as attorney of record. On June 29, 2001, appellant's counsel filed a supplement to his motion.

 Rule 16 of the Rules of Appellate Procedure—Criminal provides in pertinent part that trial counsel, whether retained or court-appointed, shall continue to represent a convicted defendant throughout any appeal, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause. Counsel filed a notice of appeal from the April 16, 2001, order and was thus obligated to represent appellate until such time as he was permitted by the appellate court to withdraw, pursuant to Ark. Sup. Ct. R. 4-3(j)(1). Under Rule 4-3(j)(1), counsel for a defendant who wishes to withdraw from an appeal must abstract and brief all of the rulings that were adverse to his client.

If appellant's counsel intended to withdraw, he should have filed a brief and a motion to be relieved as counsel, pursuant to *Anders v. California*, 386 U.S. 738 (1967), and our Rule 4-3(j)(1), stating there is no merit to the appeal. In turn, we would have informed appellant in accordance with Rule 4-3(j) that he was entitled to file within thirty days a *pro se* brief advancing any points for reversal that he wished to raise on appeal.

██ Because appellant's counsel has failed to follow the foregoing rules, the disposition of appellant's appeal has been unduly delayed. *Johnson v. State*, 345 Ark. 357, 45 S.W.3d 844 (2001). We direct counsel to either file a motion to withdraw with an accompanying brief, pursuant to Rule 4-3(j)(1), or rebrief the issues in this appeal and argue the merits. Counsel has thirty days from this decision to file the appropriate documents.

Rebriefing ordered.

ARNOLD, C.J., not participating.