Willie Rochelle GENERAL *v.* STATE of Arkansas

CA CR 01-1001                                    86 S.W.3d 15

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered October 2, 2002

*Robert N. Jeffrey*, Public Defender, for appellant.

One brief only.

JOHN F. STROUD, JR., Chief Judge. Appellant, Willie Rochelle General, was charged as a habitual offender with terroristic threatening and domestic battery in the third degree, second offense (CR2000-489). As a result of those charges, the State also filed a petition to revoke his probation from another case (CR2000-11A). The two matters were heard at the same time.

The jury found him guilty of both offenses in CR2000-489, and the trial court subsequently revoked his probation in CR2000-11A. He was sentenced to twelve years in the Arkansas Department of Correction and fined $10,000 for each of the two offenses, and he was sentenced to six years' imprisonment as a result of the revocation of his probation. The court ordered the sentences to be served consecutively. Following the trial, appellant filed a *pro se* motion requesting the court to set an appeal bond, which was denied by the trial court.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(j) of the Rules of the Arkansas Supreme Court and Court of Appeals, Mr. General's counsel has filed a motion to withdraw on the grounds that the appeal of this case is without merit. The motion was accompanied by a brief purportedly discussing all matters in the record that might arguably support an appeal, and a statement as to why counsel considers each point raised as incapable of supporting a meritorious appeal. Mr. General was provided with a copy of his counsel's brief and notified of his right to file a list of points for reversal within thirty days. He filed no points.

In his brief, appellant's counsel addresses four adverse rulings. Three of the adverse rulings involved evidentiary objections by the defense that were overruled by the trial court: (1) a hearsay objection to testimony from a police officer who responded to the call that another officer on the scene had told him that the suspect and victim had left the area and that family members had reported the victim was being held against her will, (2) a hearsay objection to testimony by the victim's sister that the victim said she wanted to stay home while appellant was pulling her away by her hair, (3) a prior-bad-act objection to testimony by the victim relating that appellant also "jumped on" another woman that same night. The fourth adverse ruling was the trial court's denial of appellant's *pro se* motion for an appeal bond. We agree with appellant's counsel that none of these rulings provides a meritorious ground for reversal.

A trial court is accorded wide discretion in evidentiary rulings, and we will not reverse a trial court's ruling on a

hearsay question unless the appellant can demonstrate an abuse of discretion. *Hawkins v. State,* 348 Ark. 384, 72 S.W.3d 493 (2002). We find no abuse of discretion in the trial court's rulings on either of the hearsay objections because neither statement was offered for the truth of the matter asserted. Similarly, we find no basis for reversal concerning the statement that appellant had "jumped on" another woman that same night. We agree with appellant's counsel that the testimony by the victim was not offered as evidence of appellant's character but rather to explain the sequence of events while she was with appellant the night of the attack. Finally, we agree that the trial court was correct in denying appellant's motion for an appeal bond and that the denial provides no meritorious basis for reversal.

The dissent would remand this case for rebriefing because appellant failed to address the sufficiency of the evidence to support the revocation of appellant's probation. Following our supreme court's decision in *Barbee v. State,* 346 Ark. 185, 56 S.W.3d 370 (2001), the requirements of Rule 33.1 of the Arkansas Rules of Criminal Procedure regarding motions for dismissal and directed verdicts do not apply to revocation hearings. Consequently, the fact that appellant did not move for a directed verdict with respect to his probation revocation would not preclude him from raising a sufficiency issue on appeal. Rule 4-3(j) of the Rules of the Arkansas Supreme Court and Court of Appeals provides in pertinent part: "The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal." The dissenting opinion contends that the trial court's granting of the State's petition to revoke appellant's probation was, in effect, an adverse ruling to the appellant, and that we should therefore order rebriefing. Even if this were correct, it would not change the results of this case because appellant was simultaneously convicted of a felony, and the record reflects that under the conditions of his probation, conviction of a felony would be grounds for revocation. Therefore, we disagree and conclude that rebriefing is not necessary in this case.

Based upon our review of the record and the brief presented to this court, we conclude that there has been full compliance with Rule 4-3(j) and that the appeal is without merit. Counsel's motion to be relieved is granted and the judgments are affirmed.

Affirmed.

JENNINGS, BIRD, and NEAL, JJ., agree.

GRIFFEN and CRABTREE, JJ., dissent.

TERRY CRABTREE, Judge, dissenting. We should remand this case for appellant's counsel to rebrief it by addressing the sufficiency of the evidence to support the revocation of appellant's probation. Although appellant failed to make timely motions for dismissal, appellant is not precluded from arguing on appeal the sufficiency of the revocation of his probation. *See Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001).

In this instance, appellant is indigent, and his appellate counsel chose to file a no-merit brief. In *Anders v. California*, 386 U.S. 738 (1967), our Supreme Court held, "[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." 386 U.S. at 744. The Supreme Court has also stated that the *Anders* framework is only one method of ensuring that indigents are afforded their Constitutional rights, and that the states may craft procedures that are superior to, or at least as good as, the procedure outlined in *Anders. Smith v. Robbins*, 528 U.S. 259, 276 (2000). Arkansas Supreme Court and Court of Appeals Rule 4-3(j) provides that a no-merit brief shall "contain an argument section that consists of a list of *all rulings adverse* to the defendant made by the circuit court on all objections, motions and *requests made by either party* with an explanation as to why each adverse ruling is not a meritorious ground for reversal." (Emphasis added.)

The petition to revoke appellant's probation was a *request made by the State* pursuant to Rule 4-3(j). The decision to revoke appellant's probation was obviously a ruling in favor of the State rather than appellant. Therefore, it must be characterized as an

adverse ruling to appellant. As a result, appellate counsel must be required to argue why there is no merit to challenging the sufficiency of the evidence supporting appellant's revocation. I recognize that the trial court held the revocation hearing and the criminal trial simultaneously. This, however, does not excuse counsel from following *Anders, supra*, and its progeny. Certainly, appellant's commission of two felonies was just cause to revoke his probation. Although this answer is clear, counsel still must make the argument in his no-merit brief.

Because appellate counsel has failed to comply with Rule 4-3(j) of the Rules of the Arkansas Supreme Court and Court of Appeals and the *Anders* procedural blueprint, I would deny his motion to withdraw and remand for rebriefing.

GRIFFEN, J., joins in this dissent.