Gaylon Jean BROWN *v.* STATE of Arkansas

CA CR 03-133 155 S.W.3d 2

Court of Appeals of Arkansas
Division I
Opinion delivered March 10, 2004

*William R. Simpson, Jr.*, Public Defender, by: *Erin Vinett*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. Gaylon Jean Brown was convicted of fraudulent use of a credit card and robbery in two consecutive bench trials and was sentenced to twenty years' imprisonment for each conviction. Following the bench trials, the trial court also revoked her probation and sentenced her to six years' imprisonment. All three sentences were to be served concurrently. Brown now appeals, asserting two points of error. Brown argues that the trial court erred (1) by imposing an illegal sentence in the fraudulent use of a credit card conviction, and (2) in admitting hearsay testimony at her robbery trial. With respect to the probation revocation, Brown's counsel has filed a motion to withdraw, pursuant to *Anders v. California*, 386 U.S. 738 (1967), alleging that there is no meritorious argument on appeal. We affirm Brown's two convictions and revocation of probation, and based upon our review of the record, we grant her counsel's motion to withdraw.

Because Brown does not challenge the sufficiency of the evidence supporting her conviction for fraudulent use of a credit card, a long recitation of the facts is not necessary. On April 18, 2002, Suzanne Woodard went to the Colony West Conoco where Brown was an employee. Woodard made a purchase using her Pulaski Bank debit card and left the store without getting her card back. The store's surveillance tape showed Brown slide the debit card toward her as Woodard exited the store, and it showed her holding the debit card and looking at it after Woodard left. The store's manager testified that during the same time frame the surveillance cameras showed Brown with possession of the card, he recovered sales transactions for two cartons of cigarettes and other small items. There were five unauthorized transactions in all, $3.19, $8.51, $37.84, $44.62, and $73.34, totaling $167.83. The trial court found Brown guilty of fraudulent use of a credit card. Before sentencing, the State submitted evidence of Brown's previous four felony convictions. After hearing this evidence, the court sentenced Brown to twenty years in the Arkansas Department of Correction.

Brown argues that her sentence is facially illegal because the sentencing guidelines recommend 42 months, which corresponds to three and one-half years; however, the trial court sentenced her to twenty years. This sentence is more than five times the presumed sentence. Brown asserts that in order to depart from the sentencing grid, the trial court must state, in writing, its reasons for doing so. There is no departure report in the record, and Brown did not request one from the lower court. The State contends that Brown's challenge is procedurally barred because she failed to raise it to the trial court. However, Brown argues that her sentence is illegal on its face and that she may challenge an illegal sentence for the first time on appeal.

■ ■ The fact that an appellant does not object to an illegal sentence does not bar a challenge on appeal because Arkansas appellate courts treat allegations of void or illegal sentences much like jurisdictional questions, which can be raised for the first time on appeal. *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992). Thus, we must determine whether Brown's sentence is actually an illegal one.

> A sentence is void or illegal when the trial court lacks the authority to impose it. Sentencing in Arkansas is entirely a matter of statute . . . We have consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of a crime. Where the law does not authorize the particular sentence pronounce by the trial court, that sentence is unauthorized and illegal, and the case must be reversed and remanded.

*State v. Fountain*, 350 Ark. 437, 440, 88 S.W.3d 411, 413 (2002) (citations omitted).

Arkansas Code Annotated section 5-37-207 defines the crime of fraudulent use of a credit card and provides that it is a Class C felony if the value of the goods or services obtained exceeds one hundred dollars. Ark. Code Ann. § 5-37-207(b)(1) (Supp. 2003). Sentencing for a Class C felony shall be not less than three years nor more than ten years. Ark. Code Ann. § 5-4-401 (Repl. 1997). However, pursuant to Ark. Code Ann. § 5-4-501 (Supp. 2003) the sentence for Class C felonies imposed upon a defendant who has been previously convicted of four or more felonies is not less than 3 years nor more than 30 years. Ark. Code Ann. § 5-4-501(b)(2)(D) (Supp. 2003).

Arkansas Code Annotated section 16-90-803 provides, "When a person charged with a felony . . . is found guilty in a trial

before the judge . . . sentencing shall follow the procedures provided in this chapter." Ark. Code Ann. § 16-90-803(a)(1)(A) (Supp. 2001). "The presumptive sentence shall be determined, but may be departed from pursuant to the procedures outlined in § 16-90-804." Ark. Code Ann. § 16-90-803(a)(2)(A) (Supp. 2001). However, "[t]he statutory minimum or maximum ranges for a particular crime shall govern over a presumptive sentence if the presumptive sentence should fall below or above such ranges." Ark. Code Ann. § 16-90-803(b)(3)(C) (Supp. 2001).

■ In this case, Brown's sentence is not illegal on its face. An illegal sentence is one that the trial court is not authorized to impose. Here, although Brown was given a sentence greater than the presumed one, her sentence was authorized pursuant to our statute governing sentencing for habitual offenders. Ark. Code Ann. § 5-4-501 (Rep. 1997). While Ark. Code Ann. § 16-90-803 establishes a presumed sentence, "[t]he statutory minimum or maximum ranges for a particular crime shall govern over a pre-sumptive sentence if the presumptive sentence should fall below or above such ranges." Ark. Code Ann. § 16-90-803(b)(3)(C) (Supp. 2001). In this case, the statutory range for a habitual offender with four or more felony convictions who is convicted of a Class C felony is between three and thirty years. Brown's twenty year sentence falls squarely within this range, and therefore, the trial court was authorized to impose it.

■ Moreover, the mere fact that the trial court failed to provide written justification does not render the sentence illegal on its face. The Arkansas Code mandates that the trial court present a written justification for any sentence imposed that is 5% more than the presumed amount. The statute, however, prescribes the remedy when the trial court has failed to do so. Arkansas Code Annotated section 16-90-804(c)(1) (Supp. 2001) provides that when the trial court imposes a sentence that is outside the presumptive range, and is not accompanied by written justifica-tion, then the defendant is entitled to "consideration for any discretionary release applicable under the law *as if he had received the presumptive sentence*, and the transfer or releasing authority may review, grant, or deny transfer or release based on any eligibility established by the presumptive sentence term." Ark. Code Ann. § 16-90-804(c)(1) (Supp. 2001) (emphasis added). Brown's rem-edy lies within the statute, and her sentence is affirmed.

Brown was also convicted of robbing her wheelchair-confined neighbor. Again, Brown does not challenge the sufficiency of the evidence, and an extensive recitation of the facts is not necessary. She challenges only the admissibility of hearsay testimony during her trial. The victim, Ollie Pace, testified that Brown had come over to his trailer to use the phone. While she was there a repairman came to repair the washing machine. When the repair was complete, Brown observed Pace pay the repairman and return his wallet to his front pocket. Brown left shortly after the repairman. A few minutes later, Brown returned wearing a hat and a black coat, put a bag over Pace's head, and removed the cash from his wallet. Pace testified that although Brown was wearing a hat, he recognized her and the lime-green pants she was still wearing. A "little while" later, Pace said, his granddaughter came over and, he told her about the incident.

Shantarius Pace testified that when she arrived at her grandfather's home, he was crying and upset. She agreed that he was visibly shaken and "his nerves [were] just bad." While in this condition, he told Shantarius that Brown robbed him. At this point in the testimony, defense counsel raised a hearsay objection. The trial court overruled the objection, and Shantarius concluded by restating the events as told to her by Pace.

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ark. R. Evid. 801(c) (2003). Hearsay testimony is generally inadmissible. Ark. R. Evid. 802 (2003). There are some exceptions; the most applicable to the facts of this case being the excited utterance exception. Ark. R. Evid. 803(2) (2003). The rules of evidence provide, "A statement relating to a startling event or condition made while the declarant was under the stress of excitement cause by the event or condition" is not excluded by the hearsay rule. Ark. R. Evid. 803(2) (2003). Admissibility of evidence is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Peterson v. State*, 349 Ark. 195, 76 S.W.3d 845 (2002).

Brown argues that while there was testimony that Pace was in a startled condition, there was insufficient foundation laid with respect to the passage of time. She argues the trial court abused its discretion in allowing the hearsay testimony without a proper

 

foundation for doing so, and without pausing the proceedings long enough to take argument on the hearsay point.

■ A specific objection to the introduction of testimony because of failure to lay a proper foundation must be made before it can be said that admission of the testimony was error. *See Smith v. State*, 243 Ark. 12, 418 S.W.2d 627 (1967). The rationale behind this rule is that the trial court should be apprised of the deficiency and the adverse party be given an opportunity to correct it. *Id.* Brown did not make a lack of foundation argument to the trial court.

■ ■ Notwithstanding her failure to object to lack of foundation, the passage of time is not the dispositive issue in an excited utterance analysis. In *Peterson, supra,* the supreme court lists several factors to be considered in excited utterance cases.

> There are several factors to consider when determining if a statement falls under this exception; (1) the lapse of time, (2) the age of the declarant, (3) the physical and mental condition of the declarant, (4) the characteristics of the event, and (5) the subject matter of the statement. We have noted that the lapse of time between the startling event and the out-of-court statement, although relevant, is not dispositive of the application of the excited utterance exception to the hearsay rule.

*Id.* at 199, 76 S.W.3d at 847 (citations omitted).

> The general rule is that an utterance following an exciting event must be made soon enough thereafter that it can reasonably be considered a product of the stress of the excitement rather than of intervening reflection or deliberation. However, we have noted that the trend is toward expansion of the time interval after an exciting event. We have also noted that *continuing emotional or physical shock* and loss of consciousness, unabated fright, isolation, and other factors may also prolong the time, making it proper to resort to Rule 803(2), despite long lapses of time.

*Id.* at 199-200, 76 S.W.3d at 847 (emphasis added) (citations omitted).

■ It is for the trial court to determine whether the declarant is still excited. *Id.* at 200, 76 S.W.23 at 847 (holding that although several hours had passed since the startling event, the witnesses testified that the victim was "crying," "very distraught,"

and "very upset" while she was describing the events. *Id.* at 203, 76 S.W.3d at 849). *See also Pennington v. State*, 24 Ark. App. 70, 74, 749 S.W.2d 680, 682 (1988) (stating that the admissibility of an excited utterance "is not to be measured by any precise number of minutes, hours, or days, but requires that the declarant is still under the stress and excitement caused by the traumatic occurrence."); *Tackett v. State*, 12 Ark. App. 57, 670 S.W.2d 824 (1984) (stating that time is only one factor to be considered).

■ Here, Pace testified that his granddaughter arrived after a "little while." Even if this court were to interpret a "little while" to be a significant amount of time, as long as the declarant is still under the stress or excited, then the trial court does not abuse its discretion even when there is a significant passage of time. *Peterson, supra.* Shantarius testified that Pace was visibly shaken and still crying when he recounted the events of the robbery. Moreover, any error would be harmless because Shantarius's testimony merely mirrored what Pace had already explained to the court. *See Lewis v. State*, 74 Ark. App. 61, 48 S.W.3d 535 (2001) (stating that prejudice is not presumed and there is no prejudice when the evidence admitted is merely cumulative). We affirm Brown's conviction of robbery.

■ ■ A hearing on the State's petition to revoke Brown's probation was held immediately following the two bench trials. Brown's counsel has filed a motion to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967) and Ark. Sup. Ct. R. 4-3(j)(1), alleging that any argument advanced by Brown in an appeal of her revocation would be wholly frivolous. Counsel's motion to withdraw accompanies a single brief with merit appeals from the two convictions and a final, one-paragraph, no-merit argument section regarding the revocation of probation. It is imperative that appellate counsel follow the appropriate procedure when filing motions to withdraw as counsel, *see Buckley v. State*, 345 Ark. 570, 48 S.W.3d 534 (2001), and this court has reiterated the proper procedure in *Eads v. State*, 74 Ark. App. 363, 47 S.W.3d 918 (2001). This procedure is required whether or not a separate *Anders* brief is filed. In this case, a separate motion to withdraw as counsel accompanied Brown's brief. Accordingly, this court had notice of the *Anders* portion of the appeal, and of the need to

provide Brown with her counsel's motion to withdraw and to inform her of her right to file *pro se* points on appeal. Brown has not filed points for reversal.

In the brief, counsel states that there were no adverse pretrial rulings and no adverse evidentiary rulings during the hearing. She asserts that there was no directed verdict motion made at the close of the State's case, and therefore, even if there were adverse rulings, they are not preserved for appellate review. However, this is not a correct statement of the law. The supreme court has held that a defendant in a revocation proceeding is not required to comply with Ark. R. Crim. P. 33.1 regarding motions for directed verdict in order to preserve the issue of the sufficiency of the evidence. *Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001); *Rudd v. State*, 76 Ark. App. 121, 61 S.W.3d 885 (2001). Consequently, appellant was not precluded from raising a sufficiency issue on appeal of the revocation, and the decision to revoke is an adverse ruling that should have been addressed by counsel. Moreover, counsel has also misstated the facts as she asserts that Brown's parole officer testified that Brown "broke the laws of Arkansas" during the revocation portion of the proceedings, when the officer testified to no such thing. The sole testimony constituting evidence of a new violation as basis for revocation came during the preceding bench trials.

Nevertheless, this court has affirmed without ordering rebriefing under very similar circumstances, where there was a revocation proceeding heard at the same time as a bench trial on new charges, and the trial court pronounced guilt on both. *See General v. State*, 79 Ark. App. 219, 86 S.W.3d 15 (2002). However, to the extent that *General* suggests that the trial court's grant of revocation is not an adverse ruling for purposes of an *Anders* review, this court has consistently treated it as such in unpublished decisions since as early as 1998. In light of the supreme court's decision in *Barbee, supra,* we conclude that the decision to revoke is indeed an adverse ruling that must be addressed by counsel in an *Anders* brief. Here, the record reflects that the three cases were tried back-to-back, with no objection by appellant. All three case numbers were announced together at the opening of the hearing. The trial court pronounced guilt on the two new charges and announced the decision to revoke at the conclusion of the three proceedings. The supreme court has stated "[w]hen a new criminal

charge constitutes the grounds for revocation, it is particularly appropriate to combine the proceedings, as the good of judicial economy can be served." *White v. State*, 329 Ark. 487, 951 S.W.2d 556 (1997). As Brown's simultaneous convictions of two new felonies provided clear and overwhelming grounds for revocation, we conclude that rebriefing will not be necessary in this instance.

We note that this court has recently reversed and dismissed a revocation case in which we had ordered rebriefing after appellant's counsel had initially filed a no-merit appeal, however, we did not elect to publish the opinion. Although most of the *Anders* briefs that are filed with this court are in compliance with Rule 4-3(j), we have noted that an increasing number involve filings that fall far short of the requirements for a no-merit brief. Consequently, we will require full compliance with *Anders* in all future appeals to this court, including the troublesome cases in which an appellant has been subjected to simultaneous criminal trial and revocation proceedings, and appellate counsel has elected to combine appeals from both in a single brief with an appended *Anders* section. Should there be any doubt or confusion about what an *Anders* brief and review entails, for both appellate counsel and this court, see *Campbell v. State,* 74 Ark. App. 277, 47 S.W.3d 915 (2001) (Supp. Op. in denial of reh'g); *Eads v. State,* 74 Ark. App. 363, 47 S.W.3d 918 (2001).

Based upon our review of the record and the brief presented, we conclude that there has been sufficient compliance with Rule 4-3(j) such that an appeal of Brown's probation revo-cation would be wholly without merit. Counsel's motion to be relieved is granted and the judgment is affirmed.

Affirmed.

HART and CRABTREE, JJ., agree.