2009 Ark. App. 526

**Leslie CALDWELL, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–1047.**

Court of Appeals of Arkansas.

July 1, 2009.

C. Scott Nance, Newport, for appellant.

No response.

JOHN B. ROBBINS, Judge.

Appellant Leslie Caldwell was tried to a jury in Jackson County Circuit Court and was found guilty of possession of a counterfeit controlled substance and refusal to submit to a chemical test (breath-alcohol test). Appellant's attorney filed a timely notice of appeal solely from the conviction for possession of a counterfeit controlled substance, for which appellant was sentenced to a probationary term and a fine. Subsequently, appellant's attorney filed a no-merit brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Ark. Sup.Ct. R. 4–3(k) (2009), along with a motion to be relieved as counsel, asserting that there is no issue of arguable merit in an appeal of this conviction.

■ A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum. Ark. Sup.Ct. R. 4–3(k)(1). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id.* The abstract and Addendum of the brief shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court. *Id. See also Eads v. State,* 74 Ark.App. 363, 47 S.W.3d 918 (2001). It is imperative that counsel follow the appropriate procedure when filing a motion to withdraw as counsel. *Brown v. State,* 85 Ark.App. 382, 155 S.W.3d 22 (2004). This framework is a method of ensuring that indigents are afforded their constitutional rights. *Campbell v. State,* 74 Ark.App. 277, 279, 47 S.W.3d 915, 917 (2001). In furtherance of the goal of protecting constitutional rights, it is both the duty of counsel and of this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *See id.*

■ Counsel provided his client with a copy of the motion and brief by mailing it

to his last known address. Appellant did not file any pro se points for reversal. The State elected not to file a brief with our court. After a full examination under the proper standards, we hold that counsel provided a compliant "no merit" brief demonstrating that an appeal would be wholly without merit, and further, that counsel's motion to be relieved should be granted.

Appellant's counsel sets forth that the only adverse ruling to appellant was the denial of his motion for directed verdict, posited at the end of the State's case and renewed at the close of the evidence. Therein, counsel argued that the substance appellant possessed in the back of his truck's storage compartment was known to him to be a small amount of soap and not what it appeared to be, crack cocaine.

Directed-verdict motions are treated as challenges to the sufficiency of the evidence. *Saulsberry v. State*, 81 Ark. App. 419, 102 S.W.3d 907 (2003). The test for determining sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial; substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Smith v. State*, 352 Ark. 92, 98 S.W.3d 433 (2003). Evidence is viewed in the light most favorable to the State; only evidence that supports a verdict is considered. *Clements v. State*, 80 Ark.App. 137, 91 S.W.3d 532 (2002). When we review a challenge to the sufficiency of the evidence, we will affirm the conviction if there is substantial evidence to support it. *Saulsberry v. State, supra.* Decisions regarding the credibility of witnesses are for the trier of fact. *Robinson v. State*, 353 Ark. 372, 108 S.W.3d 622 (2003). The fact finder is not required to believe any witness's testimony, especially the testimony of the accused, because he is the person most interested in the outcome of the trial.

*Winbush v. State*, 82 Ark.App. 365, 107 S.W.3d 882 (2003). We do not weigh the evidence presented at trial nor do we weigh the credibility of the witnesses. *Polk v. State*, 82 Ark.App. 210, 105 S.W.3d 797 (2003).

Under Arkansas Code Annotated section 5–64–401(c) (Supp.2007), it is unlawful for any person to possess a counterfeit substance. Arkansas Code Annotated section 5–64–101(6)(A) (Supp.2007) defines a "counterfeit substance" to mean "a noncontrolled substance, that by overall dosage unit appearance including color, shape, size, markings, packaging, labeling, and overall appearance or upon the basis of representations made to the recipient, purports to be a controlled substance or to have the physical or psychological effect associated with a controlled substance." Subsection (6)(B) states that:

In determining whether a substance is a "counterfeit substance", the following factors shall be utilized and a finding of any two (2) of these factors constitutes prima facie evidence that the substance is a "counterfeit substance":

(i) A statement made by an owner or by anyone else in control of the substance concerning the nature of the substance, its use, or effect;

(ii) The physical appearance of the finished product containing the noncontrolled substance is substantially the same as that of a specific controlled substance;

(iii) The noncontrolled substance is unpackaged or is packaged in a manner normally used for the illegal delivery of a controlled substance;

(iv) The noncontrolled substance is not labeled in accordance with 21 U.S.C. § 352 or 21 U.S.C. § 353;

(v) The person delivering, attempting to deliver, or causing delivery of the non-

controlled substance states or represents to the recipient that the noncontrolled substance may be resold at a price that substantially exceeds the value of the substance;

(vi) An evasive tactic or action utilized by the owner or person in control of the substance to avoid detection by a law enforcement authority; or

(vii) A prior conviction, if any, of an owner, or anyone in control of the object under a state or federal law related to a controlled substance or fraud[.]

The substance found in a cigarette package in the back of appellant's truck was determined to be bits of soap and not crack cocaine. However, the police officer who located the packaged substance in an inventory search of appellant's vehicle testified that it was packaged in a quantity and shape that had all the outward indications of appearing to be crack cocaine, in line with subsections (ii) and (iii) above. Also, appellant stated in response to the officer's query that he intended to "whip the ass" of the person who had sold it to him just days prior because he thought he was getting cocaine, indicating the nature of the substance in line with subsection (i) above. This presented a prima facie case to go to the jury, and the trial court clearly did not err in denying the motion for directed verdict or its renewal. There were no other adverse rulings that occurred during this trial.

Having considered this under the proper standards required for no-merit appeals, we affirm the conviction and grant counsel's motion to be relieved.

Affirmed; motion granted.

GRUBER and BROWN, JJ., agree.