Cite as 2019 Ark. App. 321

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-18-879

| | |
|---|---|
| MARTHA ROSARIO GONZALES<br>APPELLANT | **Opinion Delivered:** June 5, 2019 |
| V. | APPEAL FROM THE SEBASTIAN<br>COUNTY CIRCUIT COURT, FORT<br>SMITH DISTRICT<br> [NO. 66FCR-18-421] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE STEPHEN TABOR,<br>JUDGE |
| | AFFIRMED; MOTION GRANTED |

## RAYMOND R. ABRAMSON, Judge

A Sebastian County Circuit Court jury convicted Martha Rosario Gonzales of possession of methamphetamine with the purpose to deliver, possession of hydrocodone, possession of drug paraphernalia, and possession of marijuana. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals, Gonzales's attorney has filed a no-merit brief, along with a motion to withdraw as counsel, asserting that there is no issue of arguable merit for an appeal. Gonzales was notified of her right to file pro se points for reversal via certified mail. Gonzales has filed pro se points, and the State has filed a response. We affirm the convictions and grant counsel's motion to withdraw.

On March 27, 2018, the State charged Gonzales with possession of methamphetamine with the purpose to deliver, possession of hydrocodone, possession of

drug paraphernalia, and possession of marijuana. On July 26, the State amended the criminal information to charge Gonzales as a habitual offender pursuant to Arkansas Code Annotated section 5-4-501(b) (Repl. 2013).

The court held a jury trial on August 7. At trial, Bryan Stanley, a narcotics detective with the Fort Smith Police Department, testified that he arranged for a confidential informant to engage in a controlled buy of methamphetamine from Rodney Stringer. He explained that the informant contacted Stringer and that Stringer sent Gonzales to perform the transaction. Stanley testified that Gonzales met the informant and that he (Stanley) monitored their meeting by audio feed. He explained that Gonzales and the informant discussed further purchases of methamphetamine. He stated that after the meeting, another officer detained and arrested Gonzales in her car. Stanley then went to the traffic stop and spoke with Gonzales. He explained that he asked Gonzales whether she had anything that she did not want "to get caught with at jail," and Gonzales retrieved several items from her pants.

Sergeant Wayne Barnett testified that he stopped Gonzales in her car after the controlled buy. He explained that he immediately removed the passenger from the car and secured him. He testified that he located a purse in the driver's side of the car where Gonzales was sitting and that the purse contained a bag of marijuana and empty Ziploc bags. He further testified that Gonzales retrieved hydrocodone pills and methamphetamine from her pants. Barnett stated that in his experience, the bags found on Gonzales were the type used to package illegal drugs.

Chris George, an employee of the Fort Smith Police Department vice and narcotics unit, testified that he assisted in the traffic stop of Gonzales. He stated that money found on Gonzales matched money that was given to the confidential informant for the controlled buy. He further testified that a leafy substance and a smoking pipe were found in Gonzales's purse.

Christy Williford, a forensic chemist with the Arkansas State Crime Laboratory, testified that she tested the substances found on Gonzales and that the substances included .7062 grams of marijuana, a bag of 4.2573 grams of hydrocodone and acetaminophen, a bag of 4.2658 grams of hydrocodone and acetaminophen, and 11.7356 grams of methamphetamine. She noted that hydrocodone and methamphetamine are schedule II controlled substances and that marijuana is a schedule VI controlled substance.

Paul Smith, the drug-task-force commander for Sebastian and Crawford Counties, testified that the amount of methamphetamine found on Gonzales—11.7356 grams—is not an amount usually seen for personal use; rather, the amount is associated with a "street-level dealer."

After the State rested, Gonzales moved for a directed verdict on only the charge of possession of methamphetamine with the purpose to deliver. She argued that the State presented insufficient evidence to show that she had the purpose to deliver the methamphetamine. She pointed out that she was not found with scales or ledgers. She further asserted that the empty bags could have belonged to the passenger in the car rather than her. The court denied the motion. Gonzales presented no evidence. The jury convicted Gonzales of all charges.

At the sentencing phase of trial, the State introduced certified copies of Gonzales's four prior felony convictions.[1] Gonzales was thereafter sentenced as a habitual offender to fifty years' imprisonment for possession of methamphetamine with the purpose to deliver, fifteen years' imprisonment for possession of hydrocodone, five years' imprisonment for possession of drug paraphernalia, and one year in the county jail for possession of marijuana. The court ordered the sentences to run concurrently. This no-merit appeal followed.

A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum. *Furo v. State*, 2018 Ark. App. 23 (citing Ark. Sup. Ct. R. 4–3(k)(1)). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id.* (citing *Eads v. State*, 74 Ark. App. 363, 47 S.W.3d 918 (2001)). This framework ensures that indigents are afforded their constitutional rights. *Id.* (citing *Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001)). In furtherance of the goal of protecting these constitutional rights, it is the duty of both counsel and this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Id.*

In compliance with the directives in *Anders* and Rule 4–3(k)(1), counsel contends that he has thoroughly examined the circuit court record of this proceeding and found no error that would support an appeal. Counsel asserts that there was only one unfavorable

---

[1] The convictions are from Mesa County, Colorado.

4

ruling for Gonzales—the denial of her directed-verdict motion for the charge of possession of methamphetamine with the purpose to deliver.

This court treats a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Craven v. State*, 2019 Ark. App. 271, 577 S.W.3d 42. The test for determining sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial; substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Caldwell v. State*, 2009 Ark. App. 526, 334 S.W.3d 82. Evidence is viewed in the light most favorable to the State; only evidence that supports a verdict is considered. *Id.* Arkansas Code Annotated section 5-64-420(a) (Repl. 2016) states that it is unlawful for a person to possess methamphetamine with the purpose to deliver it. The purpose to deliver may be shown by any of the following factors:

(1) The person possesses the means to weigh, separate or package methamphetamine or cocaine; or

(2) The person possesses a record indicating a drug-related transaction; or

(3) The methamphetamine or cocaine is separated and packaged in a manner to facilitate delivery; or

(4) The person possesses a firearm that is in the immediate physical control of the person at the time of the possession of methamphetamine or cocaine; or

(5) The person possesses at least two (2) other controlled substances in any amount; or

(6) Other relevant and admissible evidence that contributes to the proof that a person's purpose was to deliver methamphetamine or cocaine.

Ark. Code Ann. § 5-64-420(a)(1)–(6); *King v. State*, 2014 Ark. App. 81, 432 S.W.3d 127.

In his brief, counsel adequately explains why the circuit court's denial of Gonzales's directed-verdict motion was correct. We agree with counsel that the officers' testimony

5

concerning the controlled buy and the subsequent traffic stop provides substantial evidence to support Gonzales's conviction of possession of methamphetamine with the purpose to deliver and that there are no nonfrivolous grounds for an appeal on this point.

In her pro se points, Gonzales asserts that she received illegal sentences for her convictions of possession of methamphetamine with the purpose to deliver and possession of hydrocodone. Gonzales is incorrect. An illegal sentence is one that the circuit court is not authorized to impose. *Brown v. State*, 85 Ark. App. 382, 155 S.W.3d 22 (2004). In this case, Gonzales's sentences were authorized pursuant to the habitual-offenders statute. Specifically, the habitual-offenders statute provides that a person previously convicted of four or more felonies is subject to a sentencing range of six to sixty years for a Class A felony and a sentencing range of three to thirty years for a Class C felony. Ark. Code Ann. § 5-4-501(b)(2)(B) & (D).

Here, Gonzales's conviction of possession of methamphetamine with the purpose to deliver is a Class A felony, and her conviction of possession of hydrocodone is a Class C felony. *See* Ark. Code Ann. § 5-64-420(b)(3) (providing that possession of methamphetamine with the purpose to deliver is a Class A felony if the person possessed more than 10 grams but less than 200 grams of methamphetamine); Ark. Code Ann. § 5-64-419(b)(2)(B) (providing that possession of more than 2 grams but less than 28 grams of a schedule II controlled substance is a Class C felony). Thus, her sentences of fifty years' imprisonment for possession of methamphetamine with the purpose to deliver and fifteen years' imprisonment for possession of hydrocodone are authorized pursuant to the habitual-offenders statute and are not illegal sentences.

Affirmed; motion granted.

GRUBER, C.J., and HARRISON, J., agree.

*Natural State Law, PLLC*, by: *Jarred W. Kibbey*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.