Cite as 2020 Ark. App. 29

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-19-245

|  |  |
|---|---|
| | **Opinion Delivered:** January 15, 2020 |
| ANDRE LEONARD FLOWERS<br> APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br> APPELLEE | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-17-601]<br><br>HONORABLE MARCIA R. HEARNSBERGER, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**WAYMOND M. BROWN, Judge**

A Garland County Circuit Court jury found appellant Andre Flowers guilty of aggravated residential burglary and battery in the first degree. He was sentenced as a habitual offender to a total of ninety years' imprisonment and fined $15,000. Appellant's counsel has filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*[1] and Arkansas Supreme Court Rule 4-3(k),[2] stating that there are no meritorious grounds to support an appeal. The clerk of this court provided appellant with a copy of counsel's brief and motion and notified appellant of his right to file pro se points for

---

[1]386 U.S. 738 (1967).

[2](2019).

reversal. Appellant has filed pro se points for reversal, and the State has filed a response. We affirm appellant's convictions and grant counsel's motion to withdraw.

A request to be relieved as counsel on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum.[3] The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the trial court with an explanation as to why each adverse ruling is not a meritorious ground for reversal.[4] It is imperative that counsel follow the appropriate procedure when filing a motion to withdraw as counsel.[5] In furtherance of the goal of protecting constitutional rights, it is both the duty of counsel and of this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous.[6]

The main unfavorable ruling against appellant is the court's denial of his directed-verdict motions. This court treats a motion for a directed verdict as a challenge to the sufficiency of the evidence.[7] The test for determining sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial; substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond

---

[3]Ark. Sup. Ct. R. 4-3(k)(1).

[4]*Id.*

[5]*Garcia v. State*, 2015 Ark. App. 673.

[6]*Id.*

[7]*Craven v. State*, 2019 Ark. App. 271, 577 S.W.3d 42.

2

suspicion or conjecture.[8] Evidence is viewed in the light most favorable to the State; only evidence that supports a verdict is considered.[9]

Appellant was found guilty of aggravated residential burglary. He was tried under the theory of accomplice liability—when two or more person assist one another in the commission of a crime, each is an accomplice and criminally liable for the conduct of both. Arkansas makes no distinction between the criminal liability of a principal and an accomplice.[10] Arkansas Code Annotated section 5-39-204[11] provides:

> (a) A person commits aggravated residential burglary if he or she commits residential burglary as defined in § 5-39-201 of a residential occupiable structure occupied by any person, and he or she:
>
> (1) Is armed with a deadly weapon or represents by word or conduct that he or she is armed with a deadly weapon; or
>
> (2) Inflicts or attempts to inflict death or serious physical injury upon another person.

Arkansas Code Annotated section 5-39-201(a)(1) provides that a person commits residential burglary if he or she enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing in the residential occupiable structure any offense punishable by imprisonment. Serious physical injury is defined as a physical injury that creates substantial risk of death or that causes protracted disfigurement,

---

[8]*Caldwell v. State*, 2009 Ark. App. 526, 334 S.W.3d 82.

[9]*Id.*

[10]*Wilson v. State*, 2016 Ark. App. 218, 489 S.W.3d 716.

[11](Repl. 2013).

protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ.[12]

The evidence viewed in the light most favorable to the State shows the following: On June 22, 2017, Jared Wortman was at his home, #9 Maza Apartments in Hot Springs. He got into a verbal altercation with appellant that eventually turned violent. Testimony showed that Wortman chased appellant from his apartment at least twice with a box cutter. Wortman subsequently went into his apartment. Appellant and Jeremy James, appellant's friend who had retrieved a hatchet from a white van, followed Wortman into his apartment.[13] A short time later, appellant and James left the apartment and fled in the white van. Wortman was subsequently found lying on the floor unresponsive. He had labored breathing and there was bruising and swelling around his neck. LifeNet was called to transport Wortman to CHI St. Vincent Hospital. Dr. Spencer Wright evaluated Wortman and noted that he was comatose upon arrival. A CT scan revealed little injury to his brain, but he had suffered a skull and scalp injury. Wortman also had nasal fractures and some suspected fractures of his mid-face and bruising around his throat. The bruising around his throat was consistent with strangulation. The injury to the head and scalp was consistent with a blow or kick. Wortman was seen by Dr. James Arthur, a neurological surgeon, who found that Wortman did not require surgical intervention. Wortman was able to breathe on his own on June 26, but he was unable to swallow for quite some time

---

[12]Ark. Code Ann. § 5-1-102(21).

[13]It is unclear whether appellant was armed with a knife at this time.

4

and had to be fed through an esophagogastric tube. Wortman remained in the hospital until July 18, when he was transferred to a rehabilitation center. At the time of the trial, Wortman had to walk with a cane, could no longer work, and had no memory of the altercation that took place on June 22. This evidence is sufficient to support appellant's aggravated-residential-burglary conviction.

Appellant was also found guilty of battery in the first degree. A person commits battery in the first degree if he or she causes serious physical injury to another person under circumstances manifesting extreme indifference to the value of human life.[14] After a physical altercation with appellant and James, Wortman was left unresponsive and had to be hospitalized for nearly a month. He suffered injuries consistent with strangulation and being kicked or hit with some type of object in the head. This is enough to support appellant's conviction for battery in the first degree.

Counsel also addressed other unfavorable rulings by the court as well as issues that resulted in no ruling at all, and we agree that they do not support reversal. We have considered appellant's pro se points, and we hold that they have either been adequately addressed by counsel or are not preserved for our review. Based on our review of the record and brief presented to us, we hold that counsel has complied with Rule 4-3(k), and we agree that there is no merit to an appeal. Therefore, we affirm appellant's convictions and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

---

[14]Ark. Code Ann. § 5-13-201(a)(3).

GRUBER, C.J., and KLAPPENBACH, J., agree.

*King Law Group PLLC*, by: *Natalie S. King*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.