Cite as 2021 Ark. App. 281

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-20-465

| | |
|---|---|
| ANTWON PICASO WHEATON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **OPINION DELIVERED** JUNE 2, 2021<br><br>APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-19-144]<br><br>HONORABLE BRENT HALTOM, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## ROBERT J. GLADWIN, Judge

Antwon Wheaton was convicted of domestic battery in the third degree by a Miller County jury on September 19, 2019, and was sentenced to twelve years in the Arkansas Department of Corrections and fined $9,000. A timely notice of appeal was not filed due to a mistake by the trial attorney, and Wheaton filed a pro se notice of appeal on April 28, 2020. By order of this court filed August 26, Wheaton was granted permission to pursue this belated appeal.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) of the Rules of the Arkansas Supreme Court, his counsel has filed a motion to withdraw. The motion is accompanied by an abstract and addendum of the proceeding below that allegedly include all objections and motions decided adversely to Wheaton along with a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk

of this court mailed a copy of counsel's motion and no-merit brief to Wheaton's last known address informing him of his right to file pro se points for reversal; however, he has not done so. Consequently, the State has not filed a brief. We affirm and grant counsel's motion to withdraw.

In a no-merit brief, counsel is required to list each ruling adverse to the defendant and explain why it does not present a meritorious ground for reversal. *Wagner v. State*, 2021 Ark. App. 12, at 5 (citing *Eads v. State*, 74 Ark. App. 363, 365, 47 S.W.3d 918, 919 (2001)). After a full examination of the proceedings, we are required to determine whether an appeal would be wholly frivolous. *Id.* (citing *Tennant v. State*, 2014 Ark. App. 403, at 2, 439 S.W.3d 61, 63). Counsel's brief addresses the two adverse rulings, which were the denial of Wheaton's motion for directed verdict and the denial of a hearsay objection.

I. *Denial of Wheaton's Motion for Directed Verdict*

Although counsel lists this as the second adverse ruling, we must consider Wheaton's sufficiency argument first, as preservation of his right against double jeopardy requires this court to consider challenges to the sufficiency of the evidence before alleged trial error is considered, even if the sufficiency-of-the-evidence issue is not presented as the first issue on appeal. *See Lewis v. State*, 2017 Ark. App. 442, 528 S.W.3d 312. At the close of the State's case, Wheaton made the following motion for a directed verdict:

> At this time, Defendant would like to move – or ask that this Court grant our motion for directed verdict. The State has failed to prove that on or about January 30, 2019, in Miller County, Arkansas, Antwon Wheaton with purpose of causing physical injury to a family or household member, caused physical injury to Christian Shelton, knowing she was pregnant, or in the alternative that he has previously been – I'm sorry – previously convicted of domestic battery third.

2

The only testimony has been that of the victim. And it's confusing as to what her testimony actually is. She stated it was basically mutual combat. That she struck first. That she was striking the Defendant while the 911 call that we heard was being made. That he in fact did not know she was pregnant [at] the time. And there has just been insufficient evidence to prove the allegation contained in the amended criminal information that is dated March 22, 2019. So, we ask this Court to grant our directed verdict.

The circuit court denied the motion:

The direct testimony today puts a fact question as to whether or not she told him [that she was pregnant]. So that fact question for the jury as properly stated, all the State would have to do is convict him of the domestic battery, and then if that's what they chose to do and don't convict on the pregnancy, the State would be allowed to present the other conviction within the preceding five years for the punishment phase.

Counsel notes that because Wheaton rested without putting on any evidence, it was not necessary to renew the motion for a directed verdict. *Robinson v. State*, 317 Ark. 17, 875 S.W.2d 837 (1994). However, out of an abundance of caution, he did so, and it was again denied.

The test for determining sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial; substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Flowers v. State*, 2020 Ark. App. 29, at 3, 593 S.W.3d 488, 490. Evidence is viewed in the light most favorable to the State; only evidence that supports a verdict is considered. *Id.*

Wheaton was convicted of third-degree domestic battering pursuant to Arkansas Code Annotated section 5-26-305(b)(2) (Supp. 2019), which required the State to prove that Wheaton knowingly and with the purpose of causing physical injury to a family or household member, caused physical injury to a family or household member, namely

3

Christian Ashley Shelton, and that Wheaton either (1) committed domestic battering in the third degree against a woman he knew or should have known was pregnant, *see* Ark. Code Ann. § 5-26-305(b)(2)(A), or (2) had previously been convicted of domestic battering in third degree within the preceding five years, *see* Ark. Code Ann. § 5-26-305(b)(2)(A).

Here, Ms. Shelton's testimony alone constitutes substantial evidence. Although Ms. Shelton initially stated that she did not remember what she told the officers that came to her room on the night of the incident, the State played the officer's body-camera video for her to refresh her memory. After watching it, she stated that her memory was refreshed. She testified that she was able to recount to Officer Richard Conkleton what happened that evening when he was talking to her. She explained that Wheaton got angry when she looked through his phone and that she made a 911 call. Ms. Shelton testified that she told Officer Conkleton that Wheaton grabbed her around the neck and then grabbed her leg and pulled her into the bathroom. She told Officer Conkleton that Wheaton knew she was pregnant. She said that Wheaton hit her with a closed fist, and she acknowledged that she pointed out her injuries to Officer Conkleton and Officer Chase Dixson that night. She testified that Wheaton had choked her and threatened to kill her.

Viewing the evidence in the most favorable light to the State and considering only the evidence that supports the verdict, we hold that the circuit court did not err in finding that there was substantial evidence to support the jury's decision to convict Wheaton of domestic battery in the third degree. Accordingly, there could be no meritorious ground for appeal.

4

II. *Admission of Hearsay Testimony Over Wheaton's Objection*

During the testimony of Officer Conkleton, he explained to the jury what the alleged victim, Ms. Shelton, had told him during his interview of her:

| MS. ROBERTSON: | Did—were you able to find out they were in a relationship together? |
|---|---|
| OFFICER CONKLETON: | Yes, ma'am. She had stated that they were. |
| MR. POTTER: | Objection. Hearsay. |
| THE COURT: | Okay. You want to set the Is there any exception to hearsay? |
| MS. ROBERTSON: | Yes, sir, Your Honor—offering it for the proof of the Matter asserted, what the officer did next. |
| THE COURT: | Okay. Do you want instruction on that effect? |
| MR. POTTER: | Yes, please, Your Honor. |

As indicated above, Wheaton's counsel requested and received the following instruction from the court that explained to the jury what it was about to hear was not to be considered true:

> Sometimes when there is an investigation going on witnesses such as this officer, gather information from people who were there when the event happened and normally what they tell them is hearsay, but in this case, they're not offering the hearsay for the truth, only that's who she told him so he would know who to be looking for in this particular case. Later on, that name may be given to you and another hearsay statement that's allowed into evidence that still identifies the Defendant, but this point it's not for the truth. It is just that that was what was said.

Counsel notes that this ruling is consistent with prior case law on this issue. An out-of-court statement is not hearsay if it is offered, not to prove the truth of the matter asserted, but to show the basis of action or course of conduct. *Jemison v. State*, 2019 Ark. App. 475, at 8, 588 S.W.3d 359, 365. Here, the court took the precautionary step of telling the jury

5

not to consider the testimony as evidence of the truth of the matters Officer Conkleton was testifying about but only that he heard Ms. Shelton say it.

This court reviews evidentiary rulings under an abuse-of-discretion standard and does not reverse absent a manifest abuse of that discretion and a showing of prejudice. *Jemison*, 2019 Ark. App. 475, at 8, 588 S.W.3d at 365. Abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Id.*

Counsel submits that because no abuse of discretion can be shown, the circuit court's ruling on this point was not erroneous and could not form the basis of a meritorious appeal. We agree.

The test for filing a no-merit brief is not whether there is any reversible error but whether an appeal would be wholly frivolous. *Wagner*, 2021 Ark. App. 12, at 5. From our review of the record and the brief presented to us, we hold that counsel has complied with Rule 4–3(k), and there is no merit to an appeal. Accordingly, we affirm Wheaton's conviction and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

VAUGHT and BROWN, JJ., agree.

*Joseph C. Self*, for appellant.

One brief only.